

**FILED**

APR - 7 2017

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 02-133-BLG-SPW |
| Plaintiff/Respondent, | CV 16-178-BLG-SPW |
| vs. | ORDER DENYING § 2255 MOTION |
| JACKSON BRYANT BAUGUS, | AND GRANTING CERTIFICATE OF APPEALABILITY |
| Defendant/Movant. | |

This case comes before the Court on Defendant Baugus's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Baugus is a federal prisoner proceeding *pro se*.

## I. Background

On December 3, 2003, a jury convicted Baugus of two counts of possessing methamphetamine and cocaine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 2); one count of carjacking, a violation of 18 U.S.C. § 2119(1) (Count 3); and one count of using or carrying and brandishing a firearm during and in relation to carjacking, a violation of 18 U.S.C. § 924(c)(1)(A) and (ii) (Count 4). He was acquitted of two other drug counts. On March 12, 2004, he was sentenced to serve 235 months on Counts 1 and 2 and 180 months on Count 3, plus a consecutive seven-year term on Count 4, for a total sentence of 319 months.

1

Minutes (Doc. 103); Judgment (Doc. 104) at 2.  On August 10, 2005, the Court of Appeals affirmed Baugus's conviction and remanded the sentence based on *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).  The sentencing judge confirmed the sentence, and on May 3, 2006, the Court of Appeals affirmed the sentence. *See* Mem. (Doc. 155) at 2, *United States v. Baugus*, No. 05-30618 (9th Cir. May 3, 2006).

Baugus now seeks relief under the United States Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).  *See also Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016) (holding that *Johnson* applies to cases already final when it was issued).  His motion, filed *pro se*, purports to challenge his sentence under the Sentencing Guidelines.  His argument is well off the mark.  His sentences on Counts 1, 2, and 3 did not take firearms into account, *see* Presentence Report ¶¶ 77, 86, and his § 924(c) conviction was not governed by any guideline.

But Baugus asserts that "imposing an increased sentence under the § 924(c) enhancement violates his Due Process Rights because the clause is 'unconstitutionally' vague." Mot. § 2255 (Doc. 261) at 11.  The Court will liberally construe Baugus's motion to make the only argument available—that is, that his conviction under 18 U.S.C. § 924(c)(1)(A) and (ii) rested exclusively on the definition of a "crime of violence" in the "residual clause" of 18 U.S.C. §

2

924(c)(3)(B), and that clause is unconstitutionally vague in light of *Johnson*.

## II. 18 U.S.C. § 924(e)

In *Johnson*, the Court considered the meaning of a provision in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA imposes a harsher sentence on a person convicted of a firearms offense if the person has three prior convictions for a violent felony or controlled substance offense. The Act defines a "violent felony" as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B). *Johnson* discussed only the italicized clause, commonly called the "residual" clause.

The Supreme Court found the residual clause so vague that it deprived defendants of fair notice of the consequences of their decisions and so loose that it invited arbitrary enforcement by sentencing judges. Therefore, the decision held, federal sentencing courts may no longer enhance a defendant's sentence based on a prior conviction when that conviction qualifies as a "violent felony" only under the residual clause. *See Johnson*, 135 U.S. at 2555-60, 2563. *Johnson* did not address either subsection (i) or the first line of subsection (ii) in § 924(e)(2)(B). Those provisions remain valid law.

3

### III.  18 U.S.C. § 924(c)

Baugus challenges his conviction not under the ACCA but under 18 U.S.C.

§ 924(c)(1)(A) and (iii) for using or carrying a firearm during and in relation to a

"crime of violence."  The definition of a "crime of violence" in § 924(c)(3) is not

identical to the definition of a "violent felony" in § 924(e)(2)(B), but it is similar:

> (3)  For purposes of this subsection [§ 924(c)] the term "crime of violence" means an offense that is a felony and—
>
> (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

For the sake of argument, the Court will assume that the residual clause in §

924(c)(3)(*B*) is unconstitutionally vague for the reasons explained in *Johnson*.

Even so, this error would be harmless if the "crime of violence" underlying Count

4 "ha[d] as an element the use, attempted use, or threatened use of physical force

against the person or property of another."  18 U.S.C. § 924(c)(3)(*A*).

### IV.  Carjacking

Carjacking under 18 U.S.C. § 2119(1) requires the United States to prove the

defendant used "force and violence or intimidation" to take a motor vehicle and, at

the moment of the taking, intended to cause death or serious bodily injury to

another if necessary to accomplish the taking.[1]  *See Holloway v. United States*, 526 U.S. 1, 11-12 (1999).  Under the elements clause of § 924(c)(3)(A), carjacking is a "crime of violence."

"Physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person," as opposed to the common-law definition of force that included mere offensive touching.  *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).  "Use" of physical force requires an intentional act, as opposed to a negligent one, *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004), or even a reckless one, *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1129-32 (9th Cir. 2006) (en banc); *United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016) (holding that involuntary manslaughter, defined as murder without malice, is not a crime of violence because it requires only a showing of gross negligence).

From the plain language of the carjacking statute, it is clear that "force and violence" are not the same thing as "intimidation."  It is also clear that a crime is a "crime of violence" only if it necessarily requires the United States to prove the defendant used or attempted or threatened to use physical "force."  But reference to "intimidation" in contrast to "force" does not automatically negate an element of force *in* intimidation.

---

[1]  The prosecution must also prove an interstate commerce element.

In *United States v. Harrison*, 585 F.3d 1155 (9th Cir. 2009), for instance, the court interpreted a different statute's reference to both force and intimidation, *see* 18 U.S.C. § 111(a), to indicate that intimidation is not a *use* of force. *See* 585 F.3d at 1160. As a result, a jury instruction that mentioned intimidation without mentioning force produced the unacceptable possibility that the defendant could be convicted "for no more than purposefully standing in a way that emphasized his size and strength." *Id.* Because the statute at issue in *Harrison* required that the defendant "forcibly . . . intimidate[]" a federal officer or employee, merely standing in a physically intimidating stance was not sufficient to support a conviction.

By contrast, under the carjacking statute, purposefully standing in a way that emphasizes size and strength could suffice to prove the offense, provided it is the means by which a defendant "takes" a motor vehicle "from the person or presence of another." And intimidation facilitates a taking when it is perceived as a threat to use physical force. A victim's perception of a threat does not always mean the defendant made a threat, but the carjacking statute applies when a defendant "takes" a motor vehicle "*by* force and violence or *by* intimidation." 18 U.S.C. § 2119 (emphases added). The statute requires proof, in other words, of goal-driven behavior by the defendant, be it a deployment of force or violence or intimidation. Only if "intimidation" could include a threat to inflict economic or reputational

6

injury might one violate § 2119 by means that exclude physical force.  The Court is not aware of any case interpreting "intimidation" that broadly.

Therefore, under § 2119, regardless of whether the defendant takes a vehicle by force and violence or by intimidation, the crime of carjacking necessarily has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another.  Even if *Johnson* invalidates the residual clause, 18 U.S.C. § 924(c)(3)(B), carjacking in violation of 18 U.S.C. § 2119 is  a "crime of violence" under the force clause, § 924(c)(3)(A).

Although the Ninth Circuit has not yet considered the issue, other circuits have held, after *Johnson*, that carjacking is a crime of violence under § 924(c)(3)(A).  *See United States v. Evans*, __ F.3d __, 2017 WL 444747 at *2-*4 (4th Cir. 2017); *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016).  The Court is not aware of any holding to the contrary.

## V.  Conclusion

It seems hard to deny that carjacking, "by its nature, involves a substantial risk that physical force against the person or property of another may be used."  18 U.S.C. § 924(c)(3)(B).  But, even assuming that *Johnson* invalidates the residual clause of § 924(c)(3)(***B***), it does not undermine Baugus's conviction for using or carrying of a firearm during and in relation to a "crime of violence."  Whether committed "by force and violence" or only "by intimidation," 18 U.S.C. § 2119,

carjacking necessarily requires the United States to prove, as an element, the use, attempted use, or threatened use of physical force. Therefore, it meets the elements clause of 18 U.S.C. § 924(c)(3)(*A*).

## VI. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists could disagree on the two issues presented here: first, whether carjacking as defined by 18 U.S.C. § 2119 meets the force clause of 18 U.S.C. § 924(c)(3)(A), and second, whether the residual clause, § 924(c)(3)(B), is unconstitutionally vague under *Johnson*. A COA will be granted on those issues.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Baugus's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 261) is DENIED.

2.  A certificate of appealability is GRANTED on two issues:

a.      whether carjacking in violation of 18 U.S.C. § 2119 constitutes a
        "crime of violence" under § 924(c)(3)(A); and

b.      whether the residual clause of 18 U.S.C. § 924(c)(3)(B) is
        unconstitutionally vague.

A COA is DENIED on all other issues.  The clerk shall immediately process the

appeal if Baugus files a Notice of Appeal.

3.  The clerk shall ensure that all pending motions in this case and in CV 16-

178-BLG-SPW are terminated and shall close the civil file by entering judgment in

favor of the United States and against Baugus.

DATED this _____ day of April, 2017.

Susan P. Watters
United States District Court