IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

APR 15 2019

Clerk, U.S. Courts
District of Montana
Missoula Division

UNITED STATES OF AMERICA,
    Plaintiff,

v.     Case No. Cr-02-133-BLG-SPW

JACKSON BRYANT BAUGUS,
    Defendant.            /

PLAIN-ERROR REVIEW
FED. R. CRIM. PROC. 52(b)

Comes now, Jackson-bryant: Baugus In propria persona, Sui Juris, pursuant to Fed. R. Crim. Proc. 52(b), which permits courts to recognize and correct an error that is plain and affects a defendant's substantial rights to Due Process guaranteed under the Fifth Amendment to the Constitution.

    Rule 52:  Harmless and Plain Error
(b)  Plain Error.  A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.

HISTORY (Dec. 26, 2944; March 21, 1946; April 29, 2002; eff. Dec. 1, 2002)

History:  ANCILLARY LAWS AND DIRECTIVES

> Notes of Advisory Committee on Rules.  Note to subdivision (a).  This rule is a restatement of existing law, 28 U.S.C. former § 391 (second sentence):  On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in a case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect substantial rights of the parties.

18 U.S.C. § 3741.  Harmless error and plain error - (rule)
                    See Federal Rules of Criminal Procedure

Error or defect as affecting substantial rights, Rule 52.
Defects in indictment, Rule 7.
Waiver of error Rules 12(b)(2) and 30.

Nothing in Rule 52 or 18 U.S.C. § 3741 places a time frame on a defendant from bringing an error that affects defendants substantial rights. Had Congress intended time restraints on either that rule or that statute then that language would have been implimented in it.

The Supreme Court held in Molina-Martinêz v. United States, 578 U.S. ___, 136 S. Ct. ___, 194 L. Ed. 2d 424 (2016), when a sentence was imposed erroneously, plain error review is applicable when a defendant can show prejudice that affects that defendant's substantial rights. See also Rosales-Mireles, No. 16-9493 (6/19/18).

A year later the Supreme Court, in Hicks v. United States, ___ U.S. ___, 137 S. Ct. 2000, 198 L. Ed. 2d 718 (2017) held:

> Everyone agrees that Mr. Hicks was wrongly sentenced to a 20-year mandatory minimum sentence under a now-defunct statute. True, Mr. Hick did't argue the point in the court of appeals. [198 L. Ed. 2d 719]. But before us the government admits was plainly wrong as a matter of law, and it's simple enough to see the government is right. Of course, to undo and revise a sentence under plain error standard, a court must not only (1) discern an error, that error must (2) be plain, (3) affect the defendant's substantial rights, and (4) implicate the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1170, 123 L. Ed. 2d 508 (1993). And while the government concedes that the first two legal elements of the plain error test, it asks us to remand the case to the court of appeals for it to resolve the latter two questions in the first instance.

On remand, the Fifth Circuit vacated and remanded for re-sentencing. See United States v. Hicks, 698 Fed. App'x 210, 2017 U.S. App. LEXIS 19175.

On February 11th and 23rd of 2016, Petitioner was informed that the United States Attorney's Office was reaching out to defendants that had gone to trial, been prosecuted by Assistant Attorney Jim Seykora, several cases prosecuted by Seykora that [Brady] Gigilo material had been withheld and that my case was one that such violations may have occurred. See Exhibits 1 & 2.

Petitioner was informed that my case file was opened to determine if any of the records would support a violation.

On February 17, 2016, Petitioner sent a letter to Mr. Cotter, United States Attorney (See Exhibit H) asking to be put on the "first-in, first-out" list and also requesting any and all offers of immunity agreements, Rule 35 Motions filed on behalf of the Prosecution's witnesses.

ARGUMENT

The United States Historical Sentencing Guideline Manual, § 2D1.1 was used to calculate the Defendant's base offense level. This section reads:

> 1 gm. of Methamphetamine = 2 kg of marihuana or 1 gm. of methamphetamine (actual) = 20 kg. of marihuana, and 1 gm. of cocaine = 200 gm. of marihuana, which is provided for your convenience (see Attachment B, underlined sections).

Defendant's relevant conduct attributes a total weight in Count 1 of methamphetamine at 143.9 grams of a mixture containing

methamphetamine (over 50 grams of pure methamphetamine), and Count II of cocaine at 43.3 grams. Under *Notes to Drug Quantity Table (see Attachment C), it states (A) unless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance ... . (B) The term(s) methamphetamine (actual) refer to the weight of the controlled substance, itself, contained in the mixture or substance ... . In the case of a mixture or substance containing ... methamphetamine, <u>use the level determined by the entire weight of the mixture or substance</u> ... . In this very case the total weight of methamphetamine (mixture) is to be used which is 143.9 grams. So if you take 143.9 grams X 2 kg. of marihuana, your total is 287.8 kilograms. Then, then total cocaine is 43.3 grams that is charged to Defendant. So if you take 43.3 grams X 200 gm. of marihuana, because the conversion table reads 1 gm. of cocaine = 200 gm. of marihuana, your total is 8660 grams. If there is 448 grams to a pound to get to a kilogram you need 1075.2 grams in a kilo, you come up with a total of 8.0543 kilograms. With that being said, you would take the total methamphetamine plus the total cocaine which is 287.8 kilograms + 8.0543 kilograms for a total of 295.8543 kg., which would put the Defendant's Base Offense Level at 26 (At least 100 kg. but less than 400 kg. of marihuana).'(Ex. 3&4, PSI) as a reminder, all conversions are converted over to marihuana. So for the District Court judge to come up with a total of 1,461.64 kilograms of marihuana equivalent for guideline purposes is a plain error and mistake of math calculations. "Because a defendant's

substantive rights have been violated the District Court should review de novo." See Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). "We review a district court's interpretations of the United States Sentencing Guidelines ("Guidelines") de novo, its application of the Guidelines for abuse of discretion, and its factual findings for clear error. United States v. Crus-Gramajo, 570 F.3d 1162, 1167 (9th Cir. 2009). See also United States v. Staten, 466 F.3d 708, 713 (9th Cir. 2006), United States v. Kelly, 993 F.2d 702, 704 (9th Cir. 1993). See Exhibits 3 & 4 (PSR).

Furthermore, Defendant objects to his presentence report paragraphs 71 - 74, which claim he obstructed justice. Under U.S.S.G. § 3C1.1, Application Note 4(a) states adjustment applies to "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." The prosecution did not present evidence at trial showing defendant had any contact with any of the aforementioned criteria to justify a two-level increase. Just because a witness snuck into Defendant's jail cell and took a note in Defendant's possession to discuss information to his attorney in no way was there any attempt to obstruct justice.

Finally, Defendant objects to presentence report paragraph 8, which claims Defendant is an organizer, leader, manager, or supervisor of any other participant. § 3B1.1, note 4, Facts of this case show no evidence that anyone else was involved in the offenses that Defendant was convicted. "We review for clear error a district court's determination that a defendant was an 'organizer or leader' for purposes of enhancement under USSG

-5-

§ 3B1.1" <u>United States v. Berry</u>, 258 F.3d 971, 977 (9th Cir. 2001). (1) A "participant" is a person who is criminally responsible for the commission of the <u>offense</u>, but need not have been convicted. (2) To qualify for an adjustment under this section, the <u>defendant</u> must have been the organizer, leader, manager, or supervisor of <u>one or more other participants</u>. See Commentary, Application Notes: 3B1.1 Aggravating Role. Defendant was the only person involved, so how can defendant organize, lead, manage, or supervise another?

Defendant was enhanced twice for being a leader/manager; once in the base offense level and once again for carjacking. (Ex 1A)

Defendant was also enhanced two points for carjacking (Ex I) being involved in the crime. "Carjacking was the crime." Also two points for threats to the victim, but carjacking is the threat to the victim. See <u>No. Carolina v. Pearce</u>, 395 US 711 (1969).

When the Ninth Circuit ruled on my direct appeal it was affirmed in part and remanded in part, with <u>footnotes</u> stating:

> Baugus appears to only complain about the former enhancement, but the government concedes that "other enhancements may be problematic. *see: Ex-3A & 3B*

On remand the District Court judge did not correct the plain errors the Ninth Circuit pointed out that were problematic.

In the superseding indictment, Count IV (front page) states, "Using or carrying a firearm in relation to a crime of violence. Title 18 U.S.C. § 924(c)(1), Count VI. (Penalty: Five years imprisonment, mandatory and consecutive to any other sentence). The District Court judge sentenced me to <u>7</u> years instead of 5

as the superseding indictment called for. The Court did not address whether "brandishing" was considered when I was sentenced. See Molina-Martinez v. United States, 136 S. Ct. 1338 (2016); United States v. Sabillon-Umana, 772 F.3d 1328 (12/8/2014); United States v. Vargell, 747 F.3d 724 (9th Cir. 2014); United States v. Story, 503 F.3d 436 (6/5/2007).

With regard to enhancement under USSG §3B1.1, Application Notes to the Commentary specifically instruct that "to qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor **of one or more other participants**. No others were implicated in the crime for which Baugus was charged, therefore, it is plain error to have enhanced him under this section of the guidelines.

Federal Rules of Criminal Procedure 52(b) provides that a court may consider errors that are plain and affect substantial rights, even though they are raised for the first time after trial. This case concerns the bounds of that discretion, and whether a miscalculation of the United States Sentencing Guidelines range, that has been determined to be plain and to affect a defendant's substantial rights, calls for a court to exercise its discretion under Rule 52(b) to vacate the defendant's sentence. "The Court holds that such an error will in the ordinary case [] seriously affect the fairness, integrity, or public reputation of judicial proceedings, and thus will warrant relief." Rosales-Mireles v. United States, 201 L. Ed. 2d 376 (2018).

Movant Baugus's conviction fell under USSG § 2D1.1, which specifies that (3) "the offense level specified in the Drug Quantity

-7-

Table set forth in subsection (c), except that if (A) the defendant receives an adjustment under § 3B1.2 (Mitigating Role), and (B) the base offense level under subsection (c) is (i) level **32**, <u>decrease by 2 levels</u>. This section applies to Baugus's claim, but his base offense level was calculated to be level 32. He did not receive the 2 point reduction called for under § 2D2.1(3).

## CONCLUSION

For all the foregoing reasons, Movant Baugus respectfully requests this Honorable Court grant his request for Rule 52(b) Plain-Error review, correct the errors in his sentencing, and resentence him as law and justice so require.

Submitted this \_\_\_ day of April, 2019.

_____
Jackson-bryant: Baugus
In propria persona, Sui Juris

## CERTIFICATE OF SERVICE

I, Jackson-bryant: Baugus, hereby certify pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that I placed a true and correct copy of the foregoing motion for PLAIN-ERROR REVIEW with prison officials for mailing via USPS, first-class mail, postage prepaid, to the Clerk of Court, U.S. District Court for the District of Montana, P. O. Box 8537, Missoula, MT 59807, and further request the Clerk of Court to serve the Respondant electronically.

Signed this \_\_\_ day of April, 2019.

_____