Colin M. Stephens
SMITH & STEPHENS, P.C.
315 W. Pine
Missoula, MT 59802
Phone: (406) 721-0300
colin@smithstephens.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 02-133-BLG-SPW |
|---|---|
| Plaintiff/Respondent, | |
| -vs- | **Brief in Support of Motion for Leave to Withdraw as Counsel** |
| JACKSON BRYANT BAUGUS, | |
| Defendant/Movant. | |

### Brief in Support

On August 24, 2020, Baugus filed a *pro se* motion to vacate pursuant to *28 U.S.C. § 2255*. Baugus' habeas petition was a second or subsequent petition for which he had successfully received permission to file from the Court of Appeals for the Ninth Circuit. (Dkt. 334-2). Like many before him who had been successfully prosecuted by Assistant United States Attorney James Seykora, Baugus sought relief on the not-unrealistic expectation that Mr. Seykora had failed to fulfill his

constitutional obligations before, during, and after Baugus' criminal trial.

On January 29, 2021, this Court issued an order concluding that appointment of counsel was in the interests of justice and that, once appointed, counsel should file "an appropriate amended motion setting forth all claims for relief Baugus intends to pursue." (Dkt. 336). Any amended motion would "entirely supersede the *pro se* motion" filed by Baugus. (Id. at 2).

The undersigned entered his appearance and began to investigate Baugus' claims. Because Baugus' original trial counsel, Mark T. Errebo, could not be located, a great deal of work was devoted to reconstructing Baugus' file. Counsel was able to obtain the lion's share of the file and, upon his eventual release from prison, counsel and Baugus met in person. From that meeting and subsequent phone conversations, counsel was able to ascertain the crux of Baugus' belief that Mr. Seykora had withheld information relating to two or three individuals that were, in Baugus' opinion, material to the Government's case and Baugus' conviction.

In the course of investigation, counsel and his staff interviewed the individuals named by Baugus (including an individual currently housed in the Montana State Prison) and cross-referenced their statements with testimony and state court filings. Current AUSA Brendan McCarthy kindly provided counsel

with Mr. Seykora's closed files on the case. Mr. Seykora's closed file consisted of three banker's boxes of material, including a separate file for each witness Mr. Seykora called. The files also included discovery receipts that were consistent with the manner in which the Office of the United States Attorney for the District of Montana provided material and confirmed its receipt by defense counsel. With the exception of Mr. Seykora's handwritten notes and other inconsequential material, all the paperwork in Mr. Seykora's files was Bates stamped, which is also consistent with proper discovery disclosure protocol.

In counsel's professional opinion, the remaining paperwork, assuming it was not disclosed, was not material to Baugus' surviving claim that Mr. Seykora had violated his constitutional violations under *Napue v. Illinois,* 360 U.S. 264 (1959), Brady *v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or *Kyles v. Whitley*, 514 U.S. 419 (1995). This opinion is based on both a generalized *Brady* analysis, i.e., a reasonable probability sufficient to undermine confidence in the outcome of the trial, as well as the heightened criteria of *§ 2255(h)(1)*.

If, in counsel's opinion, any aspect of the investigation into Baugus' amended *§ 2255* satisfied the criteria for *Brady* materiality, counsel would not be filing this motion and would continue to contest the applicability of *§ 2255(h)(1)*'s

almost-insurmountable standard to *Brady/Giglio/Napue* violations. However, counsel has located no evidence in his investigation to suggest that Mr. Seykora violated his constitutional duties.

Counsel is bound by the Rules of Professional Conduct. Rule 3.1 of those Rules provides that "A lawyer shall not bring or defend a proceeding . . . without having first determined through diligent investigation that there is a bona fide basis in law **and** fact for the position to be advocated." (Mont. R. P. Con. 3.1(a)) (emphasis added). With regret, counsel simply cannot establish any factual basis for a claim that Mr. Seykora violated Baugus' rights under either a *Brady* standard or *§ 2255(h)(1)*. Therefore, the continued pursuit of such a claim would be not be meritorious.

On this basis, counsel respectfully request this Court grant his motion to withdraw.

Baugus, however, is not subject to either the Rules of Professional Conduct or to counsel's own analysis of the facts. Therefore, counsel is requesting this Court grant Baugus a reasonable time to file a *pro se* Amended Petition, should Baugus choose to do so. Counsel will retain the materials collected throughout the course of his investigation and make them available to Baugus as necessary. However, some of the materials obtained are likely subject to disclosure limitations

in Local Rule CR 16.  That information will be maintained by counsel and delivered to Baugus should the Court order its release.

## Conclusion

In light of the circumstances of this unique case, Counsel respectfully requests the Court grant his motion to withdraw and allow Baugus a reasonable amount of time to proceed *pro se* should he elect to do so.

Respectfully submitted this 3d day of December 2021.

/s/ Colin M. Stephens
Colin M. Stephens
SMITH & STEPHENS, P.C.
Attorney for J.B. Baugus

## **Certificate of Service**

I, Colin M. Stephens, do hereby certify that I delivered a true and correct copy of this Brief in Support of Motion to Withdraw as Counsel to the following individuals via the means indicated below.

Brendan P. McCarthy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . CM/ECF
Assistant United States Attorney

Jackson Bryant Baugus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . U.S. Mail
4904 Southgate Dr.
Room # 137
Billings, MT 59101

Respectfully submitted this 3d day of December 2021.

    /s/ Colin M. Stephens
Colin M. Stephens
SMITH & STEPHENS, P.C.
Attorney for J.B. Baugus